IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03461-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

RACHEL ZINNA GALAN, individually,
STEVEN JAMES LAZAR, individually,
ANDREW NEWTON HART, individually,
JOHN EVAN KELLNER, individually,
EVA ELAINE WILSON, individually,
RAIF EDWIN TAYLOR, individually,
GINA PARKER, individually,
GARY MICHAEL KRAMER, individually,
PALMER L. BOYETTE, individually,
THERESA MICHELLE SLADE, individually,
MICHELLE ANN AMICO, individually,
BRIAN DALE BOATRIGHT, individually,
STATE OF COLORADO, corporately,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Objections to Magistrate's Known-Void Orders [Docket No. 71].

## I.    BACKGROUND

On December 29, 2023, plaintiff Jacob Bellinsky filed this case. Docket No. 1. On March 6, 2024, defendants filed a joint motion to stay discovery and to stay all proceedings pending the Court's resolution of the defendants' motions to dismiss. Docket No. 51.

On April 5, 2024, Magistrate Judge Scott T. Varholak held a hearing on defendants' motion to stay. Docket No. 69; *see also Bellinsky v. Galan et al.*, Case No. 23-cv-03461-PAB-STV, Audio Recording of Hearing Before Magistrate Judge Scott T. Varholak on April 5, 2024, 11:08 a.m. to 11:34 a.m. [hereinafter "Audio Recording"]. Judge Varholak granted the motion to stay discovery pending resolution of the motions to dismiss. Docket No. 69 at 2.

On April 18, 2024, Mr. Bellinsky filed an objection to the magistrate judge's order. Docket No. 71.

## II. LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Mr. Bellinsky does not address whether the magistrate judge's order was dispositive or non-dispositive. Discovery is a non-dispositive matter. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Therefore, the Court will review Judge Varholak's order staying discovery under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### III. ANALYSIS

Mr. Bellinsky raises four objections in relation to the discovery order. Docket No. 71 at 1-6.

#### A. Objection One

Mr. Bellinsky states that his

> primary objection to VARHOLAK's 04/05/24 minute order granting the Defendants/suspects' known-fraudulent and known-criminal Joint Motion to Stay is that it is void for lack of authority, as VARHOLAK was long-ago required by law to be removed by chief judge Brimmer (herein "BRIMMER") and/or to self-disqualify for reasons stated in Father's numerous filings in this case and in Father's first federal lawsuit [Case No. 23-cv-03163-PAB-STV].

*Id*. at 2. Mr. Bellinsky argues that Judge Varholak has a "clear appearance of bias and partiality." *Id*.

The Court overrules Mr. Bellinsky's first objection. As the Court explained in another one of Mr. Bellinsky's cases,

> Under 28 U.S.C. § 455(a), a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted). "Though judges 'have a strong duty to recuse when

3

> appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id*. (quoting *Wells*, 873 F.3d at 1251).
>
> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal."). Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted).

*Bellinsky v. Galan*, No. 23-cv-03163-PAB-STV, 2024 WL 1330076, at *2 (D. Colo. Mar. 28, 2024). The Court previously denied Mr. Bellinsky's motions requesting that this Court order the recusal of Judge Varholak. *See Bellinsky v. Galan*, No. 23-cv-03163-PAB-STV, Docket Nos. 69, 72. Judge Varholak also denied the portion of Mr. Bellinsky's motions requesting that Judge Varholak voluntarily recuse himself. *See id.,* Docket Nos. 70, 74.

Mr. Bellinsky's objection raises no new grounds for the recusal of Judge Varholak from his previous motions. Rather, Mr. Bellinsky reiterates that Judge Varholak has a "clear appearance of bias and partiality." Docket No. 71 at 2. Because this objection merely contains an "unsubstantiated suggestion of personal bias or prejudice," *see Mobley*, 971 F.3d at 1205, the Court overrules Mr. Bellinsky's first objection.

### B. Objection Two

Mr. Bellinsky's second objection states that Judge Varholak "doesn't have authority to be ruling on the Defendants' Motions to Dismiss or on the Joint Motion to Stay." Docket No. 71 at 3. It is not clear from the objection whether Mr. Bellinsky

4

believes that Judge Varholak lacks authority by failing to recuse or due to some other reason. *See* Docket No. 71 at 3 (arguing that the motions to dismiss have been "grossly fraudulent"). The Court construes this objection as arguing that Judge Varholak generally does not have the legal authority to issue orders and recommendations in this case.

The Court overrules this objection. Magistrate Judge Varholak is authorized to hear this matter pursuant to 28 U.S.C. §§ 636(a)-(b), Fed. R. Civ. P. 72(a)-(b), and D.C.COLO.LCivR 72.1. Mr. Bellinsky's consent is not required for the district court to refer dispositive and non-dispositive motions to Judge Varholak. *See* Fed. R. Civ. P. 72(a)-(b); 28 U.S.C. §§ 636(b)(1)(B)-(C); *see also Matios v. City of Loveland*, 2023 WL 4145905, at *3 (10th Cir. June 23, 2023). Mr. Bellinsky may object to any adverse rulings or recommendations by Judge Varholak and such objections will be decided by an Article III judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1). Whether the motions to dismiss are "grossly fraudulent," *see* Docket No. 71 at 3, has no bearing on Judge Varholak's authority to issue orders and recommendations in this case.

### C. Objection Three

Mr. Bellinsky objects to Judge Varholak's ruling granting the defendants' motion to stay. *Id*. at 2-4. Specifically, Mr. Bellinsky argues that Judge Varholak

> insisted on fraudulently addressing the "*String Cheese 5-factors*" raised by AILER/PHILLIPS, while absolutely giving no due consideration to Father's detailed arguments pertaining to inapplicable jurisdictional and immunity defenses—raised fraudulently by the Defendants as grounds for a stay—and other frauds upon and now by the federal court.

*Id*. at 4. Mr. Bellinsky argues that the "matter is ripe for a discovery period and should move ahead to trial." *Id*. at 3. Mr. Bellinsky appears to argue that the "'*string cheese 5-*

5

*factors' cited by the Defendants"* should not apply.  *See id*.  Mr. Bellinsky also contends that he has spent "hundreds of hours" responding to the "grossly fraudulent" motions to dismiss.  *Id*.  Mr. Bellinsky appears to argue that a stay is not warranted because this case "has nothing to do with an ongoing domestic relations proceeding."  *Id*.

Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co*., No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

Judge Varholak found that the *String Cheese* factors weighed in favor of granting the defendants' motion to stay.  *See* Audio Recording at 11:25:23 a.m. to 11:31:33 a.m. He determined that the first factor – Mr. Bellinsky's interest in proceeding expeditiously – weighed slightly against a stay because, even though Mr. Bellinsky identified no specific prejudice he would suffer, Mr. Bellinsky has a general interest in moving his case forward.  *Id*.  Judge Varholak found that the second and third factors – the burden on defendants and the convenience to the Court – weighed heavily in favor of granting a stay because several defendants raised immunity defenses in the motions to dismiss that could dispose of the case.  *Id*.  Judge Varholak noted that the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), stated that the purpose of the qualified

6

immunity defense is to avoid "disruptive discovery." *Id*. Judge Varholak found *Iqbal's* rationale applicable in this case given defendants' assertion of several immunity defenses. *Id*. Regarding the fourth factor – the interests of persons not parties to the civil litigation – Judge Varholak found that this factor was neutral. *Id*. Finally, Judge Varholak found that the fifth factor – the public interest – weighed in favor of a stay because the public has an interest in the Court determining qualified immunity issues before allowing a case to proceed to discovery. *Id*. Judge Varholak therefore granted the defendants' motion and stayed discovery pending resolution of the motions to dismiss. *Id*.; *see also* Docket No. 69 at 2.

The Court finds that, under the contrary to law standard, Judge Varholak applied the correct legal standard, namely, the *String Cheese* factors. The Court also finds, under the clearly erroneous standard, that there is no clear error in the magistrate judge's order. The magistrate judge methodically reviewed each *String Cheese* factor. *See* Audio Recording at 11:25:23 a.m. to 11:31:33 a.m. The Court finds no clear error in the magistrate judge's weighing of the *String Cheese* factors, and Mr. Bellinsky identifies no error in his objection. *See* Docket No. 71 at 2-4; *see also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2-3 (D. Colo. Mar. 15, 2021) (finding no clear error in a magistrate judge's order staying discovery because the magistrate judge carefully reviewed each *String Cheese* factor and plaintiff failed to cite any error in the magistrate judge's evaluation of the *String Cheese* factors). Accordingly, the Court overrules Mr. Bellinsky's third objection.

### D. Objection Four

Mr. Bellinsky argues that Judge Varholak has failed to "address the Attorney General's Offices' [sic] conflicts of interest and unlawful representation of the Defendants." Docket No. 71 at 3. He asserts that the "State Attorney General's Office has no authority to be representing the STATE or the State Defendants and they are unlawfully using public funds to also represent the individual defendants who are all conspiring together to harass and delay the proceedings and to subvert the administration of justice." *Id*.

The Court overrules this objection. As the Court explained in another of Mr. Bellinsky's cases, "it is common for the government to represent state or local employees sued in their individual capacities." *Bellinsky v. Galan*, No. 23-cv-03163-PAB-STV, 2024 WL 1334180, at *5 (D. Colo. Mar. 28, 2024) (collecting cases). Therefore, the Court finds no clear error in Judge Varholak's purported failure to address this issue.

### IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Objections to Magistrate's Known-Void Orders [Docket No. 71] are **OVERRULED**.

DATED May 7, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge