IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03461-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

RACHEL ZINNA GALAN, individually,
STEVEN JAMES LAZAR, individually,
ANDREW NEWTON HART, individually,
JOHN EVAN KELLNER, individually,
EVA ELAINE WILSON, individually,
RAIF EDWIN TAYLOR, individually,
GINA PARKER, individually,
GARY MICHAEL KRAMER, individually,
PALMER L. BOYETTE, individually,
THERESA MICHELLE SLADE, individually,
MICHELLE ANN AMICO, individually,
BRIAN DALE BOATRIGHT, individually, and,
STATE OF COLORADO, corporately,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Objections to September 15, 2025 Order (Doc. 109) Reinstating Motion to Dismiss [Docket No. 113] and Plaintiff's Rule 72(a) Statement of Objections to Magistrate Judge Varholak's September 18, 2025 Oral Orders Denying Motions to Lift Discovery Stays [Docket No. 117]. Defendants the State of Colorado, Terri Meredith, Ryan Paul Loewer, Jeffrey Pilkington, Bryce David Allen, and Brian Dale Boatright (collectively, the "State Defendants") filed a response. Docket

No. 119. Defendants Rachel Zinna Galan and Steven James Lazar joined the State Defendants' response. *Id.* at 1. Plaintiff filed a reply. Docket No. 121.

## I. BACKGROUND

On December 29, 2023, plaintiff Jacob Bellinsky filed this case.[1] Docket No. 1. On March 6, 2024, defendants filed a motion to stay discovery and to stay all proceedings pending the Court's resolution of the state defendants' motions to dismiss. Docket No. 51. The magistrate judge granted the motion. Docket No. 69 at 2.

On August 22, 2024, the Court granted defendants' motions to dismiss all of plaintiff's claims without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and the *Rooker-Feldman* doctrine. *See* Docket No. 81 at 12-25. On appeal, the Tenth Circuit vacated the Court's judgment and remanded the case for further proceedings. Docket No. 89 at 13. The Tenth Circuit held that the Court erred by failing to determine whether plaintiff's "underlying domestic relations case had fallen into a *Sprint* category" before finding that *Younger* abstention applies. *Id.* at 12. The Tenth Circuit noted that, if plaintiff's case "didn't fall into a *Sprint* category, the district court would need to consider the remaining arguments asserted in the defendants' motions to dismiss." *Id.* The Tenth Circuit held that the Court erred in finding that *Rooker-Feldman* bars plaintiff's claims because plaintiff "wasn't subject to any adverse judgments in state court when he sued in federal court and (2) he isn't challenging the state-court judgments." *Id.* On September 15, 2025, the Court reopened this case, vacated its

---

[1] Because plaintiff is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

order dismissing plaintiff's claims, and reinstated defendants' motions to dismiss. Docket No. 109 at 2.

On August 21, 2025, plaintiff filed a motion to "lift any remaining discovery stays in this action." Docket No. 99 at 1. In plaintiff's motion, he argued that the court must lift the discovery stay in this action because the Tenth Circuit's order "bars defendants from relitigating on remand issues that the Tenth Circuit has already decided, including abstention arguments that underpinned the original stay." *Id.* at 6. The magistrate judge held a telephonic motions hearing and status conference. *See* Docket No. 114. At the hearing, the magistrate judge denied plaintiff's motion to lift the discovery stay. *See id*. at 1.

II.     **LEGAL STANDARD**

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's ruling should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob.*

3

*Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Orders regarding discovery are typically non-dispositive matters. *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Therefore, the Court will review plaintiff's objections to the magistrate judge's rulings from the September 18 hearing under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

III.   **ANALYSIS**

A. **Plaintiff's Objection to the Court's September 15 Order**

Plaintiff purports to file "objections" to the Court's September 15 order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).[2] *See* Docket No. 113 at 1. However, Rule 72(a) and § 636 permit plaintiff to file objections to the magistrate judge's orders, not to orders of the district court. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a). Accordingly, there is no legal basis for plaintiff to object to the September 15 order pursuant to Rule 72(a) or § 636(b)(1).

To the extent that plaintiff asks the Court to reconsider its September 15 order, the Court will deny the motion. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration

---

[2] Plaintiff's filing exceeds the page limitations imposed by the Court's Practice Standards. *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.A ("All motions, objections (including objections to the recommendations or orders of United States Magistrate Judges), responses, and briefs shall not exceed fifteen pages."). In the future, the Court will strike plaintiff's filings that fail to comply with the Court's Practice Standards.

fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). In order to avoid the inefficiency that would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-*6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-*2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

First, plaintiff argues that the September 15 order, "[b]y sua sponte reviving those defective motions [to dismiss] wholesale, the Court has now further adopted the frauds as its own, compounding the misconduct and perpetrating additional fraud upon its own

5

docket." Docket No. 113 at 4. Plaintiff argues that the "Tenth Circuit's July 22, 2025 mandate required 'further proceedings,' not resurrection of stale motions." *Id.* at 4-5. Plaintiff contends that, rather than reinstating defendants' motions to dismiss, the Court should have denied the motions. *See id.* at 7-12. The Tenth Circuit's order does not support plaintiff's argument. The Tenth Circuit did not instruct the Court to deny the motions to dismiss. Rather, the Tenth Circuit held that the Court "erred by failing to determine whether the underlying domestic relations case had fallen into a *Sprint* category" and that, if the Court concludes that the domestic relations case does not fall into a *Sprint* category, it "would need to consider the remaining arguments asserted in the defendants' motions to dismiss." Docket No. 89 at 12. Furthermore, the Tenth Circuit held that *Rooker-Feldman* does not bar plaintiff's claims and, therefore, the Court has jurisdiction over such claims. *See id.* at 12-13. Thus, it was proper for the Court to reinstate the motions to dismiss in accordance with the Tenth Circuit's order and judgment.

Second, plaintiff argues that the Court's September 15 order failed to consider plaintiff's filing, *see* Docket No. 107, that opposed the Court reinstating the motions to dismiss. Docket No. 113 at 4. The Court did consider plaintiff's filing. However, as discussed previously, there is no basis for plaintiff's argument that it is improper for the Court to reinstate the motions to dismiss.

Third, plaintiff "renews his standing objection to any adjudication by Chief Judge Brimmer or Magistrate Judge Varholak." *See id.* at 16. The Court will not consider this argument because the Tenth Circuit affirmed the Court's order denying plaintiff's motions for recusal. *See* Docket No. 89 at 7.

6

Because plaintiff fails to provide new evidence, new legal authority, or otherwise show that the September 15 order was in error, the Court will deny plaintiff's motion.[3]

B. **Plaintiff's Objection to the Magistrate Judge's September 18 Order**

Plaintiff objects to the magistrate judge's September 18 orders denying plaintiff's motion to lift the stay on discovery and motion for recusal.[4]  Docket No. 117 at 1-2. First, plaintiff argues that the magistrate judge erred in denying the motion to lift the stay because defendants did not respond to the motion, and therefore, plaintiff's motion "should have been deemed confessed and granted" pursuant to D.C.COLO.LCivR 7.1(d).  *Id.* at 2.  Nothing in Local Rule 7.1(d) mandates that plaintiff's motion must be granted because defendants did not file a response.  *See* D.C.COLO.LCivR 7.1(d). Moreover, defendants did oppose plaintiff's motion at the September 18, 2025 motions hearing.  *See* Docket No. 114; Docket No. 119 at 3.

Second, plaintiff argues that the magistrate judge misapplied the *String Cheese* factors in determining whether a stay was proper.  *See* Docket No. 117 at 3-11.  Courts

---

[3] In his filing, plaintiff seeks sanctions against "both Defendants, and where appropriate, judicial officers whose actions have perpetrated fraud and adopted fraud upon the court."  *See* Docket No. 116 at 21.  The Court will not consider this request because plaintiff fails to move for relief in accordance with the Local Rules of the District of Colorado.  *See* D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").

[4] The magistrate judge held a hearing on the same day, September 18, 2025, to address matters in both Case No. 23-cv-03163 and this case, Case No. 23-cv-03461. *See* Docket No. 114; *Bellinsky v. Galan*, Case No. 23-cv-03163, Docket No. 117. Although plaintiff orally moved for the magistrate judge's recusal in Case No. 23-cv-03163, *see Bellinsky v. Galan,* Case No. 23-cv-03163, Docket No. 117 at 1, he did not do so in this case.  *See* Docket No. 114.  Therefore, the Court will not consider plaintiff's objection to the magistrate judge's denial of the motion to recuse.  *See* Docket No. 117 at 12-14.  To the extent plaintiff moved for recusal in both cases, the Court overrules plaintiff's argument for the reasons described in *Bellinsky v. Galan*, Case No. 23-cv-03163.

7

in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

      The magistrate judge found that the *String Cheese* factors weighed in favor of a stay. He determined that the first factor – plaintiff's interest in proceeding expeditiously – weighed against a stay. The magistrate judge found that the second and third factors – the burden on defendants and the convenience to the Court – weighed heavily in favor of granting a stay because defendants presented immunity defenses in the motions to dismiss that could potentially dispose of the entire case. The magistrate judge noted that the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), stated that the purpose of the qualified immunity defense is to avoid "disruptive discovery." The magistrate judge found *Iqbal's* rationale applicable in this case given the state defendants' assertion of qualified immunity. Regarding the fourth factor – the interests of persons not parties to the civil litigation – the magistrate judge found that this factor did not weigh in favor of one party or another. Finally, the magistrate judge found that the fifth factor – the public interest – weighed in favor of a stay because the public has an interest in the Court determining immunity issues before allowing a case

to proceed to discovery. The magistrate therefore denied plaintiff's motion to lift the stay. *See* Docket No. 114.

The Court finds that, under the contrary to law standard, the magistrate applied the correct legal standard, namely, the *String Cheese* factors. The Court also finds, under the clearly erroneous standard, that there is no clear error in the magistrate judge's order staying this action pending resolution of the motions to dismiss. The magistrate judge methodically reviewed each *String Cheese* incident factor. The Court finds no clear error in the magistrate judge's weighing of the *String Cheese* factors. *See also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2-3 (D. Colo. Mar. 15, 2021) (finding no clear error in a magistrate judge's order staying discovery because the magistrate judge carefully reviewed each *String Cheese* factor and plaintiff failed to cite any error in the magistrate judge's evaluation of the *String Cheese* factors).

Third, plaintiff argues that the magistrate judge "demonstrates judicial adoption and ratification of fraud on the docket" by "refusing to address Plaintiffs documented objections and instead deferring to an order that reinstated fraudulent motions." *See* Docket No. 117 at 11. Plaintiff contends that the magistrate judge should have independently considered plaintiff's objection to the Court's September 15 order. *See id.* Plaintiff, however, does not identify a legal standard pursuant to which the magistrate judge should have considered plaintiff's objection to an order that was not issued by the magistrate judge. Therefore, he fails to show that the magistrate judge "applied an incorrect standard or applied the appropriate legal standard incorrectly." *See Young*, 2019 WL 2171457, at *3. Moreover, as discussed regarding plaintiff's motion directed at the Court's September 15 order, the Court finds no basis to

9

reconsider the reinstatement of the motions to dismiss and thus no basis for plaintiff's objection.

Accordingly, the Court will overrule plaintiff's objection to the magistrate judge's September 18 order.

## IV.    CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Objections to September 15, 2025 Order (Doc. 112) Reinstating Motion to Dismiss [Docket No. 113] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Rule 72(a) Statement of Objections to Magistrate Judge Varholak's September 18, 2025 Oral Orders Denying Motions to Lift Discovery Stays [Docket No. 117] is **OVERRULED**.  It is further

**ORDERED** that Plaintiff's Motion for Leave to Exceed Page Limits for Preservation of Deficient Hearing Record and Full Consideration Of Objections To Sept. 18, 2025 Oral Orders [Docket No. 118] is **DENIED as moot**.[5]  It is further

---

[5] On September 29, 2025, the Cout struck plaintiff's 69-page objection to the magistrate judge's September 18 orders for violating the Court's Practice Standards on page limitations.  See Docket No. 115.  Plaintiff refiled a 15-page, compliant objection on September 29, 2025.  See Docket No. 117.  Plaintiff filed a motion asking the Court to "consider both: (1) Plaintiff's 15-page condensed 'Rule 72(a) Statement of Objections' filed September 30, 2025, and (2) the complete 60+ page 'Notice & Formal Objections' filed September 29, 2025 (re-filed as Exhibit 7 of the condensed objections), together as a unified submission."  Docket No. 118 at 2.  The Court has reviewed plaintiff's 69-page objection, Docket No. 117-7, and finds that it merely reraises the arguments in plaintiff's 15-page objection, which the Court will overrule, and does not otherwise show that the magistrate judge's September 18 orders were contrary to law.  Therefore, the Court will deny plaintiff's motion as moot.  The Court further finds it proper to deny plaintiff's motion to exceed page limitations in light of the fact that the Court will grant plaintiff leave to file a reply in support of his objection, see Docket No. 120, and has considered plaintiff's reply, Docket No. 121.

10

**ORDERED** that Plaintiff's Motion for Leave to File Reply in Support of Rule 72(a) Objections [Docket No. 120] is **GRANTED**.

DATED November 19, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge