IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03461-PAB-STV

JACOB BELLINSKY,

      Plaintiff,

v.

RACHEL ZINNA GALAN, individually, et al.,

      Defendants.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 132]. Defendants Eva Elaine Wilson, John Evan Kellner, and Raif Edwin Taylor (collectively, the "DA Defendants") and plaintiff Jacob Bellinsky filed objections. Docket Nos. 133, 137.

### I.    BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 132 at 2-5, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On December 29, 2023, plaintiff filed this case asserting various constitutional claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as a state law claim for intentional infliction of emotional distress ("IIED"). Docket No. 1 at 15-34, ¶¶ 87-124. On February 2, 2024, defendant Gina Parker, the Clerk of the Court for Elbert County,

Colorado, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Docket No. 20.  On February 16, 2024, defendants Eva Elaine Wilson, John Evan

Kellner, and Raif Edwin Taylor filed a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6).  Docket No. 40.  On February 19, 2024, defendant Andrew Newton Hart filed a

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 42.  On

February 29, 2024, defendants State of Colorado, Judge Gary Michael Kramer, Judge

Palmer Boyette, Judge Theresa Michelle Slade, Judge Michelle Ann Amico, and Justice

Brian Dale Boatright (collectively, the "State Defendants") filed a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 45.[1]  On March 4 and

March 5, 2024, defendants Steven James Lazar and Rachel Zinna Galan, appearing

pro se, each filed a motion to dismiss.  Docket Nos. 47, 49.  Plaintiff filed responses to

the motions, *see* Docket Nos. 44, 54, 57, 58, 64, 65, and several defendants filed

replies.  Docket Nos. 56, 63, 66.

On August 22, 2024, the Court granted defendants' motions to dismiss.  Docket

No. 81.  The Court found that *Younger* abstention applied to this case because plaintiff's

claims arise out of a domestic relations case and criminal proceedings in state court,

which were ongoing at the time that plaintiff filed this case, the state forum provided an

adequate opportunity to raise plaintiff's federal claims, and the state cases implicated

important state interests.  *See id*. at 12-22.  The Court also found that, to the extent any

state court judgments were final before plaintiff filed this case, *Rooker-Feldman* bars

---

[1] When this case was filed, Justice Boatright was the Chief Justice of the
Colorado Supreme Court.  *See* Colorado Judicial Branch, Brian D. Boatright,
https://www.coloradojudicial.gov/contact/brian-d-boatright (last accessed August 22,
2024).

plaintiff's claims because plaintiff seeks to modify or set aside a state court judgment. *Id*. at 22-25.

Plaintiff appealed the August 22 Order.  Docket No. 83; Docket No. 89 at 2.  On July 22, 2025, the Tenth Circuit reversed the Court's judgment and remanded for further proceedings.  Docket No. 89 at 13.  The Tenth Circuit held that the Court erred in applying *Younger* abstention because it "failed to consider whether the circumstances of the underlying domestic relations case had fallen into a *Sprint* category."  *Id.* at 12.  The Tenth Circuit held that the Court erred in finding that plaintiff's claims are barred by *Rooker-Feldman* because plaintiff was not "subject to any adverse judgments in the state court when he sued in federal court" and plaintiff is not "challenging the state-court judgments."  *Id.*

On September 15, 2025, the Court reopened this case, vacated the August 22 Order, and reinstated defendants' motions to dismiss.  Docket No. 109 at 2.  On December 18, 2025, the magistrate judge issued his recommendation.  Docket No. 132. The magistrate judge recommends that the motions to dismiss be granted and that the Court decline supplemental jurisdiction over plaintiff's state claim.  *Id.* at 1-2.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Objection to Consideration of Reinstated Motions to Dismiss

Plaintiff argues that the magistrate judge erred by considering defendants' reinstated motions to dismiss. *See* Docket No. 133 at 5. Plaintiff raised this argument in his "objection" to the Court's September 15 Order reopening this case and reinstating the motions to dismiss. *See* Docket No. 122 at 5-6. The Court will overrule this objection for the same reasons it previously overruled plaintiff's "objection" to the September 15 Order. *See id.*

### B. Objection Regarding *Younger* Abstention

Plaintiff objects on the basis that the recommendation did not include an analysis as to whether the Court must abstain from deciding this case pursuant to *Younger v.*

4

*Harris*, 401 U.S. 37 (1971).  *See* Docket No. 133 at 6-7.  Plaintiff argues that the magistrate judge was required to address *Younger* before addressing "any merits, immunity, or mandate-compliance analysis."  *Id.* at 6.  Plaintiff contends that the magistrate judge's failure to do so is "reversible error."  *Id.* at 6-7.

While "subject matter jurisdiction is a threshold inquiry," *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015), in the Tenth Circuit, it is "unclear" whether "*Younger* abstention implicates federal courts' subject matter jurisdiction." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n.32 (10th Cir. 2023). However, "regardless of the procedural framework, a district court must resolve any question of *Younger* abstention before it proceeds to the merits, as a conclusion that *Younger* abstention applies ends the matter."  *Peters v. United States*, No. 23-cv-03014-NYW-SKC, 2024 WL 83333, at *4 (D. Colo. Jan. 8, 2024) (internal quotation omitted) (citing *Goings v. Sumner Cnty. Dist. Attorney's Off.*, 571 F. App'x 634, 639 (10th Cir. 2014) ("After reaching its conclusion to abstain under *Younger* . . . the district court should not have gone further and ruled on the merits of Defendants' 12(b)(6) challenge.  We have held that this additional inquiry is improper.").  Defendants Parker, Hart, and the State Defendants argue that the Court should abstain pursuant to *Younger*.  Docket No. 20 at 3; Docket No. 42 at 2; Docket No. 45 at 4.  Therefore, the Court will consider whether *Younger* abstention is appropriate.

"*Younger* requires federal courts to refrain from ruling when it could interfere with ongoing state proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016).  *Younger* is only applicable to three "exceptional" categories of cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings

"involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citation omitted). If the proceeding falls into a *Sprint* category, then the federal court must abstain if the following conditions are met: (1) there is an ongoing state judicial, civil, or administrative proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32 (1982); *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003).

The Court will first determine whether the state proceedings fall into a *Sprint* category. Plaintiff's claims arise out of a state domestic relations case. *See* Docket No. 1 at 5-6, ¶¶ 35-37. Specifically, plaintiff challenges conduct arising out of the state domestic relations case that interfered with plaintiff's parenting time. *See id*. Because the state domestic case is not a criminal prosecution, and "domestic relations proceedings are not civil enforcement proceedings brought by state actors against private parties," only the third *Sprint* category is potentially applicable. *See Covington v. Humphries*, 2025 WL 1448661, at *5 (10th Cir. May 19, 2025). In *Covington*, the plaintiff challenged an order in her state domestic relations case that found she failed to comply with a parenting time schedule and violated the state court's orders. *Id*. at *1. The state court shifted decision-making authority over plaintiff's child from the plaintiff to the plaintiff's ex-husband. *Id.* The Tenth Circuit held that this state court order, that addressed "a parenting time dispute" and "evidentiary issues about . . . alleged child abuse," does not "lie at the core of the administration of the State's judicial system" and

6

therefore does not fall into a *Sprint* category.  *Id.* at *5.  (alterations and citations omitted).  Furthermore, such an order does not "implicate the state's contempt process . . . or other processes by which the State compels compliance with the judgments of its courts."  *Id.* (internal quotation and citation omitted).  According to *Covington*, the order there did not ensure the state court can perform its functions and it "does not concern the state court's ability to enforce compliance with judgments already made."  *Id.* (internal quotation and citation omitted).  While "[f]ederal courts have repeatedly held that child support enforcement proceedings fit this third *Sprint* category," plaintiff does not appear to challenge child support enforcement proceedings.  *Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307, at *5 (D. Colo. July 29, 2025).  Rather, he challenges the acts arising out of the state domestic case that resulted in the "kidnap[ping]" of plaintiff's children.  *See* Docket No. 1 at 5-6, ¶¶ 35-37.

Moreover, plaintiff does not request injunctive relief that "appear[s] to go directly to the mechanisms through which the state court enforces compliance with its orders/judgments."  *See Hawkins*, 2025 WL 2197307, at *5 n.9.  In *Covington*, the Tenth Circuit held that the "third *Sprint* category also does not apply because [plaintiff's] federal *damages* suit does not question the *process* by which state courts compel compliance with their orders and judgments nor does it seek to enjoin or otherwise interfere with such state proceedings."  *Covington*, 2025 WL 1448661, at *5 n.9 (internal quotations, alterations, and citations omitted) (emphasis added).  Likewise, here, plaintiff brings a federal damages suit.  Docket No. 1 at 34.

Accordingly, the Court finds that this case does not fall into a *Sprint* category and *Younger* does not apply.  The magistrate judge properly analyzes the merits of plaintiff's claims.  The Court will overrule plaintiff's objection.[2]

### C. <u>Objection to Dismissal of 42 U.S.C. § 1981 Claim</u>

Plaintiff objects to the magistrate judge's recommendation that plaintiff's § 1981 claim be dismissed.  *See* Docket No. 133 at 10-11.  The magistrate judge considers plaintiff's claim as asserted against (1) the DA Defendants; (2) defendants Kramer, Boyette, Slade, Amico, and Boatright (collectively, the "Judicial Defendants"); and (3) defendants Parker, Hart, Lazar, and Galan.  Docket No. 132 at 8-19.

#### *1. The DA Defendants*

The magistrate judge finds that the DA Defendants are entitled to absolute prosecutorial immunity as to plaintiff's § 1981 claim because the complaint's allegations show that the DA Defendants "were acting within the scope of their duties as prosecutors by initiating and pursuing criminal prosecution, despite Plaintiff's request that the charges be dismissed."  Docket No. 132 at 12-13.  Plaintiff argues that "[a]bsolute immunity is applied categorically without act-by-act functional analysis . . . and without crediting the pleaded void-authority predicate."  Docket No. 133 at 11.

---

[2] Plaintiff's claims also arise out of two state criminal cases.  *See* Docket No. 1 at 9, ¶ 54.  However, *Younger* does not apply to the criminal case because these cases are not ongoing.  *See Covington*, 2025 WL 1448661, at *5 (holding that *Younger* did not apply because, while the state case was ongoing at the time plaintiff filed her federal case, it was no longer ongoing at the time of the appeal).  One of plaintiff's criminal cases was dismissed and, in the other, plaintiff was convicted.  *See* Docket No. 89 at 2-3.  As discussed above, the Tenth Circuit held that *Rooker-Feldman* does not bar plaintiff's claims.  *See id.*

Under the doctrine of prosecutorial immunity, government attorneys "are absolutely immune from civil liability for damages for acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [their] role as [advocates] for the State." *Stein v. Disciplinary Bd. Of Sup. Ct. of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The Tenth Circuit follows a "functional approach" to absolute prosecutorial immunity, pursuant to which courts "look to which role the prosecutor is performing at the time of the challenged conduct and examine the nature of the function performed, not the identity of the actor who performed it." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1209 (10th Cir. 2022) (internal quotation and citations omitted). A "prosecutor is absolutely immune when functioning within the scope of his duties in initiating and pursuing a criminal prosecution." *Id.* (internal quotations and citation omitted). "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009). However, a court "will not extend absolute immunity when a prosecutor functions in the role of an administrator or investigative officer rather than that of advocate." *Chilcoat*, 41 F.4th at 1209 (internal quotation and citation omitted).

Plaintiff challenges the DA defendants' decision to bring criminal charges against plaintiff and defendant Wilson's refusal to dismiss the charges in one of plaintiff's criminal cases. *See* Docket No. 1 at 12-13, 20-21, ¶¶ 67, 68, 70-71, 101. The DA

defendants' decision to prosecute is conduct that is covered by absolute prosecutorial immunity.  *See Nielander*, 582 F.3d at 1164.  Furthermore, plaintiff's allegations that the DA Defendants conspired with defendants Hart, Galan, and Lazar do not show that the DA Defendants functioned outside their role as prosecutors making determinations about criminal charges.  *See* Docket No. 1 at 20-21, ¶ 101.  The complaint contains only conclusory allegations, such as that the DA Defendants "are knowingly and willfully prosecuting an innocent man in aid" to defendants Hart, Galan, and Lazar.  *Id.* at 4, ¶ 20.  Without factual support, the complaint alleges that defendants Hart, Galan, and Lazar "carried out a series of false reports to the Elbert County Sheriff as a pretext to fraudulently obtain a protection order . . .  with assistance from PARKER and other 18th JD court officers."  *Id.* at 20, ¶ 101.  These allegations are insufficient to establish the DA Defendants' participation in a conspiracy.  Plaintiff's allegation that the DA Defendants failed to disclose exculpatory evidence is similarly conclusory and therefore does not plausibly allege that the DA Defendants engaged in conduct outside their role as prosecutors.  *See id*. at 15, 20-22, ¶¶ 85, 101.  The Court agrees with the magistrate judge that there are no plausible allegations that the DA Defendants possessed exculpatory evidence and that such evidence was withheld where plaintiff "does not assert any factual content related to this evidence, such as what the evidence allegedly was or in what manner it was suppressed, or how such evidence was exculpatory."  *See* Docket No. 132 at 12 n.7.  Even if plaintiff did plausibly allege that the DA Defendants withheld exculpatory evidence, the DA Defendants would nevertheless be entitled to prosecutorial immunity.  *Hartz v. Campbell*, 680 F. App'x 703, 707 (10th Cir. 2017) ("But a prosecutor has absolute immunity from a civil damages suit, even if he deliberately

withholds exculpatory information.") (internal quotation and citation omitted); *Gradle v. Oklahoma*, 203 F. App'x 179, 182 (10th Cir. 2006) ("Even assuming Mr. Gradle sufficiently alleged that Defendant Kuykendall destroyed or withheld exculpatory evidence, the Supreme Court has stated clearly that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.") (internal quotation and citation omitted).  The magistrate judge properly considered whether the DA Defendants' conduct, as alleged in complaint, constitutes acts that are covered by absolute prosecutorial immunity.  Thus, the magistrate judge did not "categorically" apply immunity.  *See* Docket No. 133 at 11.

Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1981 claim against the DA Defendants.

### 2. The Judicial Defendants

The magistrate judge recommends that plaintiff's § 1981 claim asserted against the Judicial Defendants be dismissed because they are entitled to absolute judicial immunity.  Docket No. 132 at 13-17.  The magistrate judge finds that "[a]ll allegations against the Judicial Defendants implicate judicial actions these Defendants took in their judicial capacities" and does not find that the Judicial Defendants "acted in the clear absence of all jurisdiction."  *Id.* at 16-17.  Plaintiff objects, arguing that, in the recommendation, "[i]mmunity is treated as automatic by office, nullifying the 'clear absence of jurisdiction' exception and ignoring non-judicial or administrative conduct."  Docket No. 133 at 11.

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages."  *Stein*, 520 F.3d at 1195 (citing *Mireles v.*

*Waco*, 502 U.S. 9, 9-10 (1991)).  Judicial immunity is overcome only where (1) the actions in question were not taken in the judge's "judicial capacity" or (2) where the actions in question were taken in the "complete absence of all jurisdiction."  *Id.* (citation omitted).  Whether "an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (internal alterations omitted)).  A "judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority."  *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009).

The complaint alleges that Judge Kramer held a hearing on Rosh Hashana and, during the hearing, granted a temporary protection order ("TPO") to defendant Galan against plaintiff, relying on defendant's Galan's "defamatory and false characterization" of plaintiff.  Docket No. 1 at 8, 24-25 ¶¶ 46, 106.  Judge Kramer did not vacate the hearing despite his clerk receiving from plaintiff "a cover letter together with all his criminal complaints to date and ample information to vacate the known-fraudulent and known void 'summons'" in plaintiff's criminal case.  *Id.* at 9-10, 11, ¶¶ 56, 62.  Judge Kramer held a bond hearing in plaintiff's criminal case, set a $1,000 bond, and prohibited plaintiff from contacting the parties except as permitted in plaintiff's state domestic case.  *Id.* at 10-11, ¶ 61.

Plaintiff alleges that Judge Boyette conducted a permanent protection order ("PPO") hearing despite plaintiff's "inability to attend the void hearing given his absence out of town for the Jewish high holidays."  *Id.* at 9, ¶ 51.  Judge Boyette granted the

PPO, relying on defendants Lazar and Galan's "false characterizations" that plaintiff was a "sovereign citizen." *Id.* at 24-26, ¶ 101. Judge Boyette denied plaintiff's motion to dismiss the charges against plaintiff, but later ordered the dismissal of one of plaintiff's criminal cases and sealed that case. *Id.* at 12,13, ¶¶ 69, 72. Judge Boyette held several motions hearings and "unlawfully and illegally entered a 'not-guilty' plea" for plaintiff and set the case for trial. *Id.* at 13, ¶¶ 73-74. Judge Boyette recused from plaintiff's case. *Id.*, ¶ 76.

The complaint alleges that Judge Slade denied plaintiff's motion to stay and held a hearing regarding plaintiff's request for dismissal and change of venue. *Id.* at 14, ¶¶ 78-80. Judge Slade "did not rule on either motion" during the hearing and "instead unlawfully and illegally entered a 'not guilty' plea" for plaintiff and "set a Motions Hearing, a Pre-trial readiness conference." *Id.*, ¶ 80. Judge Slade set the case for trial. *Id.*

The complaint alleges that Judge Amico's clerk received the same criminal complaint that Judge Kramer's clerk received. *Id.* at 9-10, ¶ 56. Judge Amico responded, stating that she did not have the authority to dismiss plaintiff's case and that she sent a copy of plaintiff's complaint to the Colorado Commission on Judicial Discipline. *Id.* at 12, ¶ 65.

The complaint alleges that plaintiff sent "criminal complaints" to Justice Boatright. *Id.* at 6, 9, ¶¶ 38, 53, 55. Justice Boatright did not act upon plaintiff's complaints. *Id.* at 21, ¶ 101.

All of the allegations in the complaint are directed at the Judicial Defendant's conduct taken in their judicial capacities, and there are no allegations that the Judicial

Defendants acted in the clear absence of jurisdiction.  Plaintiff argues that the

magistrate judge ignored the plaintiff's allegations of "non-judicial or administrative

conduct."  Docket No. 133 at 11.  Plaintiff, however, cites no such allegations from the

complaint.  Docket No. 133 at 11.  Accordingly, the Court will overrule plaintiff's

objection and dismiss plaintiff's § 1981 claim against the Judicial Defendants.

### 3.  Defendants Parker, Hart, Lazar, and Galan

The magistrate judge finds that the complaint does not plausibly state a claim

under § 1981 against defendants Parker, Hart, Lazar, and Galan.  Docket No. 132 at

18.  Specifically, the magistrate judge finds that plaintiff "does not identify any act of

racial discrimination which impaired his right to contract" and "never identifies his race

or his membership with any protected class in the Complaint."  *Id.* at 19.  The magistrate

judge notes that the complaint alleges that records in plaintiff's court case contain

"slurs," but that the purported slurs did not reference plaintiff's race.  *Id.*  Rather, the

"slurs" were in reference to plaintiff's status as a "sovereign citizen" and his

dangerousness.  *Id.*

Plaintiff objects, arguing that the complaint alleges "discriminatory misuse of legal

process and stigmatizing classifications embedded in the court records" and is not

based on "mere offensive language."  Docket No. 133 at 10.  He contends that, in the

recommendations, "Section 1981 is improperly reduced to contract-only standing

concepts and prima facie proof frameworks are imported at Rule 12, discriminatory

intent and protected-class allegations are resolved against Plaintiff."  *Id.* at 11.

As the magistrate judge notes, to state a claim under § 1981, a plaintiff must

plausibly allege "(1) that the plaintiff is a member of a protected class; (2) that the

14

defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). The Court agrees that plaintiff's claim fails because the complaint does not allege the existence of a contract between himself and any of the defendants. Plaintiff argues that the magistrate judge "improperly reduced" § 1981 to a "contract-only standing concept[]." Docket No. 133 at 11. However, any claim brought under § 1981 "requires identifying an impaired contractual relationship." *Arnold v. Weld Cnty. Sch. Dist. RE-5J*, 677 F. Supp. 3d 1218, 1234 (D. Colo. 2023) (internal quotation and alteration omitted) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476) (2006)).

The Court also rejects plaintiff's argument that the recommendation improperly applies the legal standard for a Rule 12 motion. The Court agrees with the magistrate judge that there are no allegations that support the elements of a § 1981 claim against defendants Parker, Hart, Lazar and Galan. The complaint does not allege plaintiff's race or membership in any protected class or identify acts of discrimination that impaired his right to contract. Therefore, the magistrate judge did not improperly resolve allegations "against Plaintiff" where there are no allegations that support plaintiff's claim. Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1981 claim against defendants Parker Hart, Lazar, and Galan.

### D.  Objection to Dismissal of 42 U.S.C. § 1983 Claim

Plaintiff objects to the magistrate judge's recommendation that plaintiff's § 1983 claim be dismissed. *See* Docket No. 133 at 7-8, 11-12. The magistrate judge considered plaintiff's claim as asserted against (1) defendants Galan, Lazar, and Hart;

(2) the DA Defendants; (3) the Judicial Defendants; and (4) defendant Parker. Docket No. 132 at 20-25. Plaintiff makes several general objections. He contends that the magistrate judge "downshifted" "[c]oncrete deprivations" into "outcome-based grievances" and that the "[c]oordinated use of state machinery and parallel reliance on the same stigmatizing predicates plausibly support joint participation at Rule 12." Docket No. 133 at 11. Plaintiff's objections are not specific. They do not cite specific language in the recommendation. They do not direct the Court's attention to the legal and factual issues being challenged. *See One Parcel*, 73 F.3d t 1059; *see also Barnes v. Omnicell*, 2024 WL 2744761, at *4 (10th Cir. May 28, 2024) (affirming district court's conclusion that plaintiff's "objections were not sufficiently specific to focus the district court's attention on the legal and factual issues because he failed to identify the parts of the recommendation that contained the alleged lies"). Accordingly, the Court will overrule these objections.

### 1. Defendants Galan, Lazar, and Hart

The magistrate judge finds that plaintiff has not plausibly alleged that defendants Galan, Lazar, and Hart acted under the color of state law and does not allege that any of these defendants ever held an official position for the state of Colorado or any other government. Docket No. 132 at 21-22. Furthermore, the magistrate judge finds that plaintiff cannot "satisfy any of the four tests . . . for deeming private parties to be state actors." *Id.* at 22. Plaintiff makes the following objection:

> State-action analysis is narrowed by status based maxims ("private attorneys do not act under color of law") and by treating the four tests as exclusionary silos rather than a holistic fair-attribution inquiry. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980).

Docket No. 133 at 11 (emphasis added).  Plaintiff argues that he has plausibly alleged that defendants Galan, Lazar, and Hart engaged in conduct that is fairly attributable to the state because he has pled "joint participation" between defendants Galan, Lazar, and Hart and state actors.  *See id*.  He contends that the complaint alleges "[c]oordinated use of state machinery and parallel reliance on the same stigmatizing predicates."  *Id*.  Plaintiff, however, does not point to any allegations that would satisfy any of the tests for deeming private parties state actors.

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.'  Thus, under the state action doctrine, a proper defendant in a § 1983 action is one who represents the state in some capacity."  *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted).  In *Johnson v. Rodrigues*, 293 F.3d 1196, 1202-05 (10th Cir. 2002), the Tenth Circuit discussed four tests used to determine whether private parties should be deemed state actors: (1) the public function test; (2) the nexus test; (3) the symbiotic relationship test; and (4) the joint action test.

"The public function test consists of determining whether the state has delegated to a private party 'a function traditionally exclusively reserved to the States.'"  *Johnson*, 293 F.3d at 1203 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1456 (10th Cir. 1995)).  The Court agrees that "Plaintiff does not allege that Defendants Galan, Lazar, or Hart exercised powers traditionally exclusively reserved to the State."  *See* Docket No. 132 at 22.  Rather, plaintiff's allegations concerning Galan, Lazar, and Hart arise out of their relocation of plaintiff's children, filing reports, and filing court documents.  *See id*.

17

"Under the nexus test, a plaintiff must demonstrate that there is a sufficiently close nexus between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself." *Johnson*, 293 F.3d at 1203 (quoting *Gallagher*, 49 F.3d at 1448) (internal quotations omitted). "Under this approach, a state normally can be held responsible for a private decision 'only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *Gallagher*, 49 F.3d at 1448 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Plaintiff fails to allege that any state actor coerced or encouraged defendants Galan, Lazar, or Hart to engage in the challenged conduct.

"Under the analysis referred to as the 'symbiotic relationship test,' the state must have 'so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity.'" *Johnson*, 293 F.3d at 1204 (quoting *Gallagher*, 49 F.3d at 1451). The Court agrees with the magistrate judge that plaintiff has "not alleged the type of long-term interdependence and entwinement between the private actors and the State of Colorado that would turn Defendants Galan, Lazar and Hart into state actors." *See* Docket No. 132 at 23.

"Under the joint action test, 'state action is also present if a private party is a willful participant in joint action with the State or its agents.'" *Johnson*, 293 F.3d at 1205 (quoting *Gallagher*, 49 F.3d at 1453). Plaintiff fails to set forth non-conclusory allegations that support joint action. For example, he alleges that "all individual Defendants conspired and worked together in the 18th JD to fully deprive [plaintiff] of his rights." Docket No. 1 at 21, ¶ 101. Plaintiff alleges without factual support, at various

points in the state court proceedings, that defendants conspired together. *See, e.g.*, *id.*
at 5, 26, 27, ¶¶ 35, 107, 112-113. These conclusory allegations are insufficient to
support a joint action theory of liability.

Plaintiff argues that the recommendation "improperly manufacture[s] a § 1983
conspiracy strawman misstates Plaintiff's pleaded theory" and misconstrues plaintiff's
claim as stating a "free-standing conspiracy claim." Docket No. 133 at 7 (internal
citations omitted). In doing so, plaintiff argues that the magistrate judge "impose[d] a
heightened pleading burden not required by Rule 8" and that he is not required to
provide "evidentiary detail of agreement, motive, of communications" at the pleading
stage between private parties and state actors to state a § 1983 claim. *Id.* Plaintiff
contends that he has plausibly pled a claim under § 1983 under Rule 8 because the
complaint alleges "joint participation and fair attribution, alleging that private actors
enlisted, coordinated with, and caused state actors to exercise state power to deprive
Plaintiff of constitutional rights." *Id.*

For the reasons discussed above, the Court finds that plaintiff fails to plausibly
allege state action under a joint action test or any other test. The magistrate judge's
reference to a "conspiracy" is not a statement that plaintiff has pled a "free-standing
conspiracy claim" and does not impose a "heightened pleading burden." *See* Docket
No. 133 at 7. Rather, the recommendation references the conspiracy, as alleged in
plaintiff's complaint, to determine whether the complaint's allegations plausibly state a
claim. The Tenth Circuit has "held that one way to prove willful joint action is to
demonstrate that the public and private actors engaged in a conspiracy." *Sigmon v.
CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000). Because the only

possible form of joint action alleged in plaintiff's complaint relates to a conspiracy, the magistrate judge properly considered whether such allegations are sufficient under the joint action test.  While plaintiff contends that the complaint alleges "that private actors enlisted, coordinated, and caused state actors to exercise state power to deprive Plaintiff of constitutional rights," he points to no allegations in support of this argument and the Court finds none.  *See* Docket No. 133 at 7.

Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1983 claim asserted against defendants Galan, Lazar, and Hart.

### 2.  The DA Defendants

The magistrate judge finds that the DA Defendants are entitled to absolute prosecutorial immunity on plaintiff's § 1983 claim.  Docket No. 132 at 23-24.  Plaintiff again argues that the magistrate judge applied the absolute prosecutorial immunity doctrine incorrectly because he did not engage in "act-by-act functional analysis" and applied the doctrine "categorically."  Docket No. 133 at 12.  The Court agrees, for the reasons stated *supra* § III.C.1., that the DA Defendants are entitled to absolute prosecutorial immunity.  The conduct alleged in the complaint consists of acts taken while the DA Defendants were functioning within the scope of their duties and pursuing a criminal prosecution.  *See Chilcoat*, 41 F.4th at 1209.  Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1983 claim against the DA Defendants.

### 3.  The Judicial Defendants

The magistrate judge finds that the Judicial Defendants are entitled to absolute judicial immunity on plaintiff's § 1983 claim.  Docket No. 132 at 24.  Plaintiff argues that,

in the recommendation, "[j]udicial and ministerial conduct are not separated; administrative acts and clear-absence-of-jurisdiction allegations are resolved against Plaintiff."  Docket No. 133 at 12.  Plaintiff does not explain which allegations establish that the Judicial Defendants acted in the clear absence of jurisdiction and how such allegations were "resolved against" him.  He does not provide allegations of "ministerial conduct" that overcome the defense of absolute judicial immunity.  Therefore, plaintiff's objections are insufficient.  *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (finding that plaintiff's objection was insufficient because it "disputes only the correctness of the recommendation and does not point to specific errors made" by the magistrate judge).

For the reasons discussed *supra* § III.C.2., the Court finds that the Judicial Defendants are entitled to the absolute judicial immunity.  The conduct challenged in the complaint involves acts that the Judicial Defendants took in their judicial capacity.  There are no allegations that the Judicial Defendants acted in the clear absence of jurisdiction.  Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1983 claim against the Judicial Defendants.

### 4.  Defendant Parker

The magistrate judge finds that plaintiff fails to state a § 1983 claim against defendant Parker because plaintiff has not "alleged any deprivation of a federal right resulting from Defendant Parker's actions." Docket No. 132 at 25.  Plaintiff objects; however, his arguments are directed at the magistrate judge's finding regarding absolute judicial immunity.  Docket No. 133 at 12.  He does not explain why it was error

for the magistrate judge to conclude that plaintiff fails to state a § 1983 claim against defendant Parker. *See id.*

The complaint fails to plausibly allege that defendant Parker violated plaintiff's constitutional rights. The complaint alleges that plaintiff sent defendant Parker an email requesting to continue a hearing that was "wholly ignored and was never . . . responded to." Docket No. 1 at 8, ¶ 50. Defendant Parker returned "a hand-delivered letter package" of "criminal complaints," which plaintiff had sent to Judge Kramer. *Id.* at 10, ¶ 57. Plaintiff notified defendant Parker that he had filed a notice of removal in the state domestic case, along with other motions. *Id.* at 13-14, ¶¶ 77, 80. These allegations do not demonstrate that defendant Parker's action deprived plaintiff of a constitutional right. The Court will overrule plaintiff's objection and dismiss plaintiff's § 1983 claim against defendant Parker.

### E.  Objection to Dismissal of § 1985 Claim

Plaintiff objects to the magistrate judge's recommendation that plaintiff's § 1985 claim be dismissed. *See* Docket No. 133 at 12. The magistrate judge considers plaintiff's § 1985 claim as asserted against (1) the DA Defendants; (2) the Judicial Defendants; and (3) defendants Parker, Hart, Lazar, and Galan. Docket No. 132 at 25-28.

#### 1.  The DA Defendants

The magistrate judge finds that the DA Defendants are entitled to absolute prosecutorial immunity on plaintiff's § 1985 claim. Docket No. 132 at 26. Plaintiff objects, raising the same argument that the magistrate judge did not conduct an "act-by-act functional analysis." Docket No. 133 at 12. Additionally, plaintiff argues that the

magistrate judge erred by not conducting an "independent review of § 1985 elements."
*Id.*

The magistrate judge was not required to determine whether the complaint plausibly alleges a § 1985 claim against the DA Defendants because the magistrate judge finds that the DA Defendants are entitled to absolute prosecutorial immunity. *See Freeman v. Ward*, No. 23-cv-01985-CNS-KAS, 2024 WL 6475133, at *6 (D. Colo. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 6475181 (D. Colo. Mar. 19, 2024) ("Because absolute prosecutorial immunity bars Plaintiff's claim against [defendant], the Court need not analyze [defendant's] failure-to-state-a-claim arguments."). For the reasons discussed previously, the Court finds that the DA Defendants are entitled to absolute prosecutorial immunity. Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1985 claim against the DA Defendants.

### 2. The Judicial Defendants

The magistrate judge finds that Judicial Defendants are entitled to absolute judicial immunity on plaintiff's § 1985 claim. Docket No. 132 at 26. Plaintiff objects on the basis that it was improper for the magistrate judge to refer to his previous finding that the Judicial Defendants are entitled to absolute judicial immunity. Docket No. 133 at 12.

The magistrate judge did not err in relying on his previous finding that the Judicial Defendants are entitled to absolute judicial immunity on plaintiff's § 1981 claim. The magistrate judge considers all the allegations in the complaint that related to the Judicial Defendants and finds that the allegations concern conduct that is protected by absolute

23

judicial immunity.  *See* Docket No. 132 at 13-17.  Whether these allegations are asserted in support of a § 1981 or a § 1985 theory of liability, it remains the case that plaintiff challenges conduct that is subject to absolute judicial immunity.  *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014) (holding that, "[w]hile the [plaintiffs] assert that the judges acted outside their judicial capacities and in the absence of jurisdiction, these conclusory assertions are not supported by the alleged facts," in finding that absolute judicial immunity applies to plaintiffs' § 1983 and § 1985 claims).  For the reasons discussed previously, the Court finds that the Judicial Defendants are entitled to absolute judicial immunity.  Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1985 claim against the Judicial Defendants.

### 3.  Defendants Parker, Hart, Lazar, and Galan

The magistrate judge finds that plaintiff has not plausibly alleged a § 1985 claim because plaintiff never identifies his race or membership in a protected class and does not allege that defendants were motivated by plaintiff's race or other protected characteristic to enter a conspiracy.  Docket No. 132 at 27-28.  Plaintiff argues that "[d]ismissal through a no § 1983 conspiracy strawman is legal error."  Docket No. 133 at 12 (internal citation omitted).  Plaintiff contends that "Rule 8 permits conspiracy to be pleaded through circumstantial allegations."  *Id.*  Setting aside the Court's finding that plaintiff fails to plausibly allege a conspiracy between any defendants, plaintiff's argument, that he has pled the existence of conspiracy, does not address the magistrate judge's findings.  Specifically, the magistrate judge finds that the complaint fails to allege membership in a protected class and that defendants entered into a conspiracy based on a protected characteristic.  *See Tilton v. Richardson*, 6 F.3d 683,

686 (10th Cir. 1993) (Section 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus.") (internal quotations and citation omitted).

Plaintiff argues that "proxy and ancestry-based allegations and coordinated conduct are resolved against Plaintiff" and "[c]lass-based animus is treated as a rigid label rather than a plausible inference." Docket No. 133 at 12. Plaintiff, however, points to no allegations that support "ancestry-based" or "class-based" animus and the Court finds none. The complaint is devoid of factual allegations that support a conspiracy supported by some racial or otherwise class-based invidiously discriminatory animus. *See Tilton*, 6 F.3d at 686. Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1985 claim against defendants Parker, Hart, Lazar, and Galan.

### F.  <u>Objection to Dismissal of 42 U.S.C. § 1986 Claim</u>

Plaintiff objects to the dismissal of his § 1986 claim asserted against the (1) State of Colorado, the (2) DA Defendants; (3) the Judicial Defendants; (4) Defendant Defendants Hart and Parker. *See* Docket No. 132 at 28-33; Docket No. 133 at 12-13.

#### *1.  The State of Colorado*

The magistrate judge finds that the plaintiff's § 1986 claim against the State of Colorado should be dismissed because the State is immune from suit pursuant to the Eleventh Amendment. Docket No. 132 at 28-30. Plaintiff argues that the "Eleventh Amendment discussion is used to short-circuit merits analysis, while footnotes avoid

Plaintiff's ultra vires/authority predicates and the concrete consequences of nominal

without prejudice dismissal."[3]  Docket No. 133 at 13 (internal quotation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects

of any Foreign State."  U.S. Const. amend. XI.  The United States Supreme Court has

construed the Eleventh Amendment to prohibit federal courts from entertaining suits

against states brought by their own citizens or citizens of another state without the

consent of the state being sued.  *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495

U.S. 299, 304 (1990).  However, "Eleventh Amendment immunity is not absolute."

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).  There are

three exceptions: (1) a state may consent to suit in federal court; (2) Congress may

abrogate a state's sovereign immunity through Section 5 of the Fourteenth Amendment;

and (3) a plaintiff may sue state officers in their official capacities for prospective relief.

*Id.*  The Court agrees with the magistrate judge that none of these exceptions apply to

this case, *see* Docket No. 132 at 29-30, and plaintiff does not contend that any

exception applies.  *See* Docket No. 133 at 13.  The Court rejects plaintiff's argument

that the magistrate judge "avoid[ed]" plaintiff's arguments regarding "ultra vires/authority

predicates."  *See id*.  The magistrate judge considered plaintiff's authority in support of

this argument and properly found that the authority cited was inapposite.  *See* Docket

No. 132 at 30 n.22.  Furthermore, the magistrate judge was not required to consider

---

[3] Plaintiff does not explain what "concrete consequences" the magistrate judge ignored and, therefore, the Court does not consider this objection.  *See Jones*, 2024 WL 358098, at *3.

whether the complaint plausibly alleges a claim against the State of Colorado where
Eleventh Amendment immunity applies.  In fact, because Eleventh Amendment
immunity implicates the Court's subject matter jurisdiction, the magistrate judge had an
obligation to address this issue before turning to the merits.  *Ruiz v. McDonnell*, 299
F.3d 1173, 1180 (10th Cir. 2002) ("Because an assertion of Eleventh Amendment
immunity concerns the subject matter jurisdiction of the district court, we address that
issue before turning to the merits of the case.").

Therefore, the State of Colorado is immune from suit pursuant to the Eleventh
Amendment.  The Court will overrule plaintiff's objection and dismiss plaintiff's § 1986
claim against the State of Colorado.

### 2.  The DA Defendants

The magistrate judge finds that the DA Defendants are entitled to absolute
prosecutorial immunity on plaintiff's § 1986 claim.  Docket No. 132 at 31.  For the
reasons discussed previously, the Court agrees that the DA Defendants are entitled to
absolute prosecutorial immunity.  Plaintiff's argument that the magistrate judge does not
"analyz[e] post-knowledge conduct, power to prevent, neglect, or mandate-consistent
sequencing" does not affect this conclusion where he fails to point to allegations in the
complaint that show the DA Defendants are not entitled to absolute prosecutorial
immunity.  *See* Docket No. 133 at 13.  Accordingly, the Court will overrule plaintiff's
objection and dismiss the § 1986 claim against the DA Defendants.

### 3.  The Judicial Defendants

The magistrate judge finds that the Judicial Defendants are entitled to absolute
judicial immunity on plaintiff's § 1986 claim.  Docket No. 132 at 31.  For the reasons

discussed previously, the Court agrees that the Judicial Defendants are entitled to absolute judicial immunity.  Plaintiff's objection fails to raise any new arguments that affect this conclusion.  *See* Docket No. 133 at 13.  Accordingly, the Court will overrule plaintiff's objection and dismiss the § 1986 claim against the Judicial Defendants.

### 4.  Defendant Hart and Parker

The magistrate judge finds that, because plaintiff has not plausibly alleged a conspiracy under § 1985, he has not plausibly alleged a claim under § 1986.  Docket No. 132 at 32.  Plaintiff objects, arguing that the recommendation erred in "treat[ing] § 1986 as automatically falling with § 1985, without the required defendant-by-defendant element analysis."  Docket No. 133 at 13.  Plaintiff generally argues that he has plausibly alleged a violation of § 1986 without pointing to any allegations in the complaint that support this argument.  *See id.*  Again, such objections are insufficient. *See Jones*, 2024 WL 358098, at *3.  Section 1986 provides in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986.  As the magistrate judge notes, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy in the absence of a conspiracy under § 1985."  Docket No. 132 at 33 (quoting *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984)).  Because the Court finds that plaintiff has not plausibly alleged a claim under § 1985, plaintiff cannot bring a claim under § 1986.  Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1986 claim against defendants Hart and Parker.

G. **Objection to Background, Procedural Background, and Standard of Review**

Plaintiff objects to the Background section of the recommendation on the

following bases:

**Predisposition to Dismiss:**  The opening framing collapses neutral background into a dismissal posture before the factual narrative is fairly stated, prejudicing Rule 12 analysis.

**Improper Aggregation:**  Collective treatment of "Motions" and categorical defendant groupings seeds dismissal-by-label, contrary to defendant-by-defendant and claim-by-claim analysis.  Robbins v. Oklahoma, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

**Misframing as Domestic-Relations Interference:**  This is a damages-only civil-rights action challenging void authority and process; state proceedings are pleaded solely as factual context, not as objects of federal relief.

**Judicial Notice Misuse:**  Docket materials may not be used to contradict pleaded allegations or resolve disputed inferences at Rule 12.  Tal v. Hogan, 453 F.3d 1244, 1265 (10th Cir. 2006); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322–23 (2007).

**Semantic Minimization:**  Characterizing pleaded criminal, ultra vires, and void-authority allegations as "rhetorical" improperly prejudges plausibility and immunity.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**Omissions Skew the Baseline:**  The "no valid process / void authority" predicate and joint action allegations are central and must be integrated into the analysis rather than minimized or omitted.

Docket No. 133 at 9.  The Court finds that plaintiff's objections are insufficient.  First,

plaintiff does not specify which facts the magistrate judge allegedly misconstrued in the

Background section or which "pleaded allegations" were improperly resolved by the

magistrate judge.  *See Jones,* 2024 WL 358098, at *3.  Plaintiff argues that the

magistrate judge characterized "allegations as 'rhetorical'" without pointing to where the

magistrate judge did so in the recommendation.  Docket No. 133 at 9.[4]  Plaintiff

contends that "predicate and joint-action allegations are central and must be integrated

into the analysis," but does not specifically indicate which allegations the

recommendation omitted.  *See id.*  Furthermore, to the extent that such allegations are

conclusory, the magistrate judge had no obligation to consider them.  *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009) ("the tenet that a court must accept a complaint's allegations

as true is inapplicable to threadbare recitals of a cause of action's elements, supported

by mere conclusory statements").  The only portion of the Background section plaintiff

seems to challenge specifically is the magistrate judge's reference to Case No.

2015DR7 as being a state domestic relations case.  Docket No. 133 at 9; *see also*

Docket No. 132 at 2.  The Court finds that the magistrate judge properly referred to

Case No. 2015DR7 as a state domestic relations case.  The state court docket shows

that this is a domestic relations case in which plaintiff is a party.[5]

Second, plaintiff does not explain how these alleged errors in the Background

section affected the magistrate judge's findings, instead relying on speculation.  There is

no merit to plaintiff's argument that the magistrate judge including a summary of the

recommendation before the Background section prejudiced plaintiff.  Docket No. 133 at

---

[4] The magistrate judge did not refer to any allegations as being "rhetorical."  *See generally* Docket No. 132.

[5] The Court takes judicial notice of the state court docket in Case No. 2015DR7. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

9.  Similarly, there is no merit to plaintiff's argument that the recommendation analyzing

all of the motions to dismiss at once prejudiced plaintiff.  *See id.*

> Plaintiff objects to the Procedural Background section on the following bases:
>
> **Statutory List Reduction:**  Reducing the Complaint to a statute list
> mischaracterizes the pleaded theory and facilitates strawman dismissal.
> Johnson v. City of Shelby, 574 U.S. 10 (2014).
>
> **Improper Aggregation:**  Grouping defendants and statutes at the outset invites
> collective plausibility and immunity analysis prohibited at Rule 12.  Robbins v.
> Oklahoma, 519 F.3d 1242, 1249–50 (10th Cir. 2008).
>
> **§ 1986 Derivative Misframing:**  Procedural narration may not treat § 1986 as
> independently disposable without element-by-element analysis tied to a viable
> § 1985 predicate.  Taylor v. Nichols, 558 F.2d 561 (10th Cir. 1977).
>
> **Mandate Minimization:**  Characterizing reversal and vacatur as a neutral
> procedural event understates binding mandate consequences; remand is not a
> "reset."  Procter & Gamble Co. v. Haugen, 317 F.3d 1121, 1125–26 (10th Cir.
> 2003).

*Id.*  Again, plaintiff's objections are not sufficiently specific.  Plaintiff contends that the

magistrate judge "[r]educe[s] the Complaint to a statute list" and "[c]haracteriz[es]

reversal and vacatur as a neutral procedural event" without explaining where the

magistrate does so in the Procedural Background section.  Moreover, plaintiff does not

identify prejudice from these alleged error and relies on speculation that such errors

"facilitate[] strawman dismissal" and "invites" analysis that is "prohibited at Rule 12."  *Id.*

To the extent that plaintiff objects to the magistrate judge's recommendation that

plaintiff's § 1985 and § 1986 claims be dismissed, the Court has already resolved such

objections.

Plaintiff argues that the Standard of Review section "recites correct maxims but is

structured to permit their misapplication – particularly by re-seeding jurisdictional-

avoidance themes post-vacatur and editorializing Plaintiff's pleadings."  *Id.* at 10.  As

discussed above, the Court agrees with the magistrate judge's application of the legal standard to the facts.

Accordingly, the Court will overrule plaintiff's objection.

**H.  <u>Objection to Declining the Exercise of Supplemental Jurisdiction Over Plaintiff's IIED Claim</u>**

The magistrate judge recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claim for IIED.  Docket No. 132 at 32-33.  The DA Defendants object, arguing that the better course of action is to rule on the merits of the IIED claim at the same time that the Court rules on the federal claims. Docket No. 137 at 3.  The DA Defendants argue that the finding they are entitled to absolute prosecutorial immunity would apply to the IIED claim, and "[t]here is no reason for the Court not to apply the identical analysis to the identical allegations in the IIED claim."  *Id.* at 4.  They contend that declining supplemental jurisdiction "runs contrary to [the] very idea that immunity is immunity from suit, not just liability."  *Id.*  The DA Defendants argue that plaintiff further fails to state an IIED claim and that declining to exercise supplemental jurisdiction would "waste the parties' and a state court's resources."  *Id.* at 4-5.

Although the Court may exercise supplemental jurisdiction over a state law claim if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-

30 (10th Cir. 2010), abrogated by *Torres v. Madrid*, 592 U.S. 306 (2021) (brackets, citations, and internal quotation marks omitted).  This rule is consistent with "[n]otions of comity and federalism," which "demand that a state court try its own lawsuits."  *Id*. at 1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).[6]

While the DA Defendants contend that absolute prosecutorial immunity extends to plaintiff's IIED claim, the Court finds that, in the interest of comity and federalism, the state court should decide that issue.[7]  Even accepting the DA Defendants' argument that prosecutorial immunity means being immune from suit, the Court finds that this does not present a compelling reason to stray from the general rule that, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted).  Where courts have found that the defendants are entitled to qualified immunity, and thus similarly immune from suit, *see Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021), courts have nonetheless declined to exercise supplemental jurisdiction over the state claims after all federal

---

[6] The State Defendants agree that the Court should not exercise supplemental jurisdiction.  Docket No. 139 at 9.

[7] The state court could find that plaintiff's IIED claim fails for other reasons besides being barred by absolute prosecutorial immunity.  For instance, as the DA Defendants acknowledge, plaintiff's IIED claim could fail because it does "not meet the high standard of pleading an IIED claim under Colorado law."  *See* Docket No. 137 at 4; *see also Hill v. City of Oklahoma City*, 2011 WL 1099284, at *2 n.7 (W.D. Okla. Feb. 25, 2011), *report and recommendation adopted*, 2011 WL 1042588 (W.D. Okla. Mar. 22, 2011), *aff'd*, 448 F. App'x 814 (10th Cir. 2011) ("Because the individual defendants are entitled to dismissal of Plaintiff's claims on other grounds, however, the Court need not consider the defense of prosecutorial immunity.").  Determining whether plaintiff has plausibly alleged an IIED claim under Colorado law is a "decision[] of state law" that "should be avoided both as a matter of comity and to promote justice between the parties."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

claims had been dismissed.  *See, e.g.*, *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296,

1314 (10th Cir. 2021); *Reyes v. Fowlks*, 2023 WL 4486155, at *4 (10th Cir. July 12,

2023).  Accordingly, the Court will overrule the DA Defendants' objection and decline to

exercise supplemental jurisdiction over plaintiff's IIED claim.[8]

     **I.**  **Objection Regarding Leave to Amend**

Plaintiff objects to the magistrate judge not granting plaintiff leave to amend his

complaint.  *See* Docket No. 133 at 3, 11, 12, 14, 15.  However, the recommendation

does not recommend that leave to amend be denied.  In fact, plaintiff did not move for

leave to amend his complaint.  The magistrate judge did not have an obligation to sua

sponte grant plaintiff leave to amend.  *See Young v. Colorado Dep't of Corr.*, 94 F.4th

1242, 1256 (10th Cir. 2024) ("the district court's choice not to sua sponte grant leave to

amend was not an abuse of discretion" where plaintiff did not request leave to amend).

To the extent that plaintiff is attempting to move for leave to amend through his

objections, the Court will deny that request because he fails to comply with the Local

Rules of this District for filing an amended complaint.  See D.C.COLO.LCivR 15.1;

D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").

Accordingly, the Court will overrule plaintiff's objection.

---

[8] Plaintiff objects to the magistrate judge's recommendation that the Court
decline supplemental jurisdiction, arguing that "the Recommendation's declination of
supplemental jurisdiction is wholly derivative of its erroneous federal-claims dismissals."
Docket No. 133 at 13.  Because the Court agrees with the magistrate judge's
recommendation that plaintiff's federal claims be dismissed, the Court will overrule
plaintiff's objection.

### J.  Objection Regarding Disqualification Under 28 U.S.C. § 455

Plaintiff renews his argument that disqualification under 28 U.S.C. § 455 is proper in this case.  *See* Docket No. 133 at 6.  However, he does not specify whether he seeks the recusal of the magistrate judge or the undersigned.  *See id.*  In any event, the Tenth Circuit has affirmed the Court's order denying plaintiff's motion for recusal, plaintiff makes no new arguments, and the Court will therefore overrule this objection. *See* Docket No. 89 at 6-8.

### K.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law. [9]

### IV.  CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 132] is **ACCEPTED**.  It is further

---

[9] Plaintiff attaches as an exhibit to his objections a 131-page "Detailed Objection."  *See* Docket No. 133-1.  The Court will not consider this exhibit.  Plaintiff may not circumvent the page restrictions imposed by the Court's practice standards by including arguments in the form of exhibits.  *See Uhlig LLC v. CoreLogic, Inc.*, 2024 WL 1557626, at *1 (D. Kan. Apr. 10, 2024) (refusing "to abide an approach empowering parties to grant themselves extra pages by moving their factual disputes to exhibits – a place where no page limit exists").  Plaintiff could have moved the Court grant him additional pages but did not.  Nevertheless, the Court finds that plaintiff had an adequate number of pages under the page limits to make his objections.  Moreover, even though much of the "condensed" objection violates the Local Rules' requirement that pleadings be double spaced, *see* D.C.COLO.LCivR 10.1(e), the Court will not strike Docket No. 133.

ORDERED that Plaintiff's Condensed De Novo Objections to the December 12, 2025 Recommendation [Docket No. 133] are **OVERRULED**.  It is further

ORDERED that Partial Objection to Magistrate Judge's Recommendation from District Attorney Defendants [Docket No. 137] is **OVERRULED**.  It is further

ORDERED that Parker's Motion to Dismiss [Docket No. 20] is **GRANTED**.  It is further

ORDERED that District Attorney Defendants' Motion to Dismiss Complaint (ECF 1) [Docket No. 40] is **GRANTED**.  It is further

ORDERED that defendant Andrew Newton Hart's Motion to Dismiss [Docket No. 42] is **GRANTED**.  It is further

ORDERED that State Defendants' Motion to Dismiss [Docket No. 45] is **GRANTED**.  It is further

ORDERED that defendant Steven James Lazar's Motion to Dismiss [Docket No. 47] is **GRANTED**.  It is further

ORDERED that defendant Rachel Zinna Galan's Motion to Dismiss [Docket No. 49] is **GRANTED.**  It is further

ORDERED that plaintiff's claim brought pursuant to 42 U.S.C. § 1981 against the DA Defendants is **DISMISSED with prejudice**.[10]  It is further

---

[10] Dismissal with prejudice is proper where the defendants are entitled to absolute prosecutorial immunity.  *See Calvert v. Safranek,* 209 F. App'x 816, 819 (10th Cir. 2006) (affirming dismissal of claims "in full and with prejudice," holding that a "criminal prosecutor enjoys absolute immunity from damages"); *Carrier v. Lundstedt,* No. 13-cv-02933-PAB-CBS, 2014 WL 8103198, at *11 (D. Colo. Dec. 22, 2014), *report and recommendation adopted,* 2015 WL 1041835 (D. Colo. Mar. 4, 2015) (dismissing claims with prejudice based on prosecutorial immunity); *Ledford v. Krieger*, No. 23-cv-02320-CNS-MDB, 2025 WL 747420, at *3 (D. Colo. Mar. 10, 2025) (same).

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. §1981 against the Judicial Defendants is **DISMISSED with prejudice**.[11]  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1981 against defendants Parker, Hart, Lazar, and Galan is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against defendants Galan, Lazar, and Hart is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against the DA Defendants is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against the Judicial Defendants is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against defendant Parker is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1985 against the DA Defendants is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1985 against the Judicial Defendants is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1985 against defendants Parker, Hart, Lazar, and Galan is **DISMISSED without prejudice**.  It is further

---

[11] Dismissal with prejudice is proper where the defendants are entitled to absolute judicial immunity.  *See Mehdipour v. Matthews*, 386 F. App'x 775, 778 (10th Cir. 2010) (affirming the district court's dismissal with prejudice of claims subject to absolute judicial immunity).

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1986 against the State of Colorado is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1986 against the DA Defendants is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1986 against the Judicial Defendants is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1986 against the defendants Hart and Parker is **DISMISSED without prejudice**.  It is further

**ORDERED** that the Court declines supplemental jurisdiction over plaintiff's claim for Intentional Infliction of Emotional Distress and that claim is **DISMISSED without prejudice**.[12]  It is further

**ORDERED** that plaintiff's Emergency Motion for Protective Injunctive Relief, Order to Show Cause, and Contempt Sanctions Against Defendants Eva Elaine Wilson & Rachel Zinna Galan for Retaliatory Interference with this Court's Jurisdiction is Denied as Moot [Docket No. 127] is **DENIED as moot**.[13]  It is further

---

[12] Under Colo. Rev. Stat. § 13-80-111(1), if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later."  *See also Artis v. D.C.*, 583 U.S. 71, 74-75 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

[13] In his motion, plaintiff seeks preliminary relief to enjoin defendants Wilson and Galan from participating in criminal proceedings or other enforcement proceedings against plaintiff.  *See* Docket No. 127 at 20-21.  Because the Court will dismiss all of plaintiff's claims, the Court will deny plaintiff's motion as moot.  Plaintiff appears to argue that the Court must rule on his motion first before ruling on the merits of this case.  *See* Docket No. 133 at 5-6.  The Court rejects this argument because there is no claim

ORDERED that plaintiff's Motion for Leave to Exceed Page Limits for Emergency

Motion for Protective Injunctive Relief, Order to Show Cause, and Contempt Sanctions

Against Defendants Eva Elaine Wilson & Rachel Zinna Galan for Retaliatory

Interference [Docket No. 128] is **DENIED as moot**.  It is further

ORDERED that Plaintiff's Motion for Leave to File Replies to Defendants'

Responses to Rule 72(b) Objections [Docket No. 143] is **DENIED**.[14]  It is further

ORDERED that this case is closed.

 DATED January 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

upon which plaintiff can seek preliminary relief.  *See Rose v. Utah State Bar*, 444 F.
App'x 298, 299 (10th Cir. 2011) (holding that the appeal of the district court's denial of
the preliminary injunction motion was moot where "the underlying claims have been
finally adjudicated by the district court's dismissal"); *Baker v. Bray*, 701 F.2d 119, 122
(10th Cir. 1983) ("the claim upon which the request for a preliminary injunction was
based – the third-party defendants' counterclaim – was dismissed by the district court,
and this action certainly mooted the issue raised herein").

[14] Fed. R. Civ. P. 72(b)(2) does not contemplate the filing of reply briefs in
support of objections.  *Drexler v. Spahn*, 2022 WL 17333076, at *4 n.5 (10th Cir. Nov.
30, 2022).  The Court has discretion whether to grant leave to file a reply brief.  *See id.*
"Absent exceptional circumstances, leave for a reply is typically denied."  *Hellen v. Am.
Fam. Ins. Co.,* No. 22-cv-02717-REB-SBP, 2024 WL 3634939, at *1 (D. Colo. Feb. 21,
2024) (citation omitted).  The Court does not find that a reply brief is necessary for the
Court's analysis.  *See Branta, LLC v. Newfield Prod. Co.*, No. 15-cv-00416-WYD-KLM,
2017 WL 4335009, at *1 (D. Colo. Apr. 28, 2017) ("Fed. R. Civ. P. 72(a) does not
contemplate a reply and I do not find that a reply is necessary.").  Moreover, the Court
has reviewed plaintiff's proposed replies and finds that they lack merit.  *See* Docket
Nos. 141, 142.